UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JAMES JIMMY SWANN )
)
v. ) Case No. 1:18-cv-192-HSM-CHS
)
TIM SMITH )

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiff James Jimmy Swann, *pro se*, has filed an application to proceed *in forma pauperis* [Doc. 4]. Because I conclude this complaint does not state a claim under 42 U.S.C. § 1983, and that this Court lacks subject matter jurisdiction, I **RECOMMEND** this action be **DISMISSED** without prejudice and the application to proceed *in forma pauperis* be **DENIED** as moot.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs—including non-prisoners seeking *in forma pauperis* status—and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).[1]

### II. Facts

Plaintiff James Jimmy Swann makes the following allegations in his complaint.

- Plaintiff had an agreement with Defendant Tim Smith for the purchase of a mobile home.

---

[1] *See also Smith v. Lindamood*, Case No. 1:16-cv-86, 2017 WL 444830, at *2 (M.D. Tenn. Feb. 2, 2017); *Johns v. Maxey*, Case No. 2:07-cv-238, 2008 WL 4442467, at *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

- Pursuant to the agreement, Tim Smith loaned Plaintiff $5,000 to purchase the mobile home, and Plaintiff agreed to pay Defendant $733 each month until the loan was paid.

- Plaintiff paid the loan completely and approached Defendant, who had retained the deed pending payment, about transferring ownership of the mobile home.

- Defendant falsely told Plaintiff he still owed $4,290 on the mobile home, and told Plaintiff, "N****r, I am going to take your mobile home for the loan that you owe me" and "[n]****r, I am going to take your mobile home from you because I have the deed." [Doc. 1, Complaint at p. 4].

- Defendant told Plaintiff he had until August 31, 2018, to be out of the mobile home.

- Defendant seeks retention of the mobile home and $60,000 for embarrassing him by calling him a racial slur in public.

### III. Discussion

#### A. Standard of Review

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*,

550 U.S. at 570, *Wyson Corp. v. APN*, *Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief.") This requirement simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B.  Analysis**

    **1.  Claim under 42 U.S.C. § 1983**

Plaintiff wrote his complaint on a form, the heading of which states, "COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. Section 1983)." [Doc. 1, Complaint]. This statute, 42 U.S.C. § 1983, ("Section 1983" or "§ 1983") is a remedial statute which does not itself create independent substantive legal rights. Section 1983 simply provides a vehicle by which a person may recover damages for a violation of his rights secured to him by federal law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). To state a claim under Section 1983, a plaintiff is required to show that he has been deprived of a right, privilege, or immunity secured to him by the United States Constitution or other federal law and that the defendants caused the deprivation while they were acting under color of state law. *Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 441 (6th Cir. 2000).[2] Plaintiff has not alleged that the Defendant, Mr. Smith, is a state actor, *i.e.*, a government official acting pursuant to state law. Consequently, Plaintiff has not stated a viable claim against Defendant under Section 1983.

    **2.  State Law Claims**

In the body of Plaintiff's handwritten complaint, he raises claims under Tennessee law for breach of contract and, possibly, intentional infliction of emotional distress. This Court lacks

---

[2] *See also Baker v. Hadley,* 167 F.3d 1014, 1017 (6th Cir. 1999); *Valot v. Southeast Local School Dist. Bd. of Educ.*, 107 F.3d 1220, 1225 (6th Cir. 1997).

subject matter jurisdiction over this action brought under Tennessee law. The Court has a continuing obligation to determine whether the Court has subject matter jurisdiction to adjudicate an action. *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998). The party seeking to bring a case in federal court, based solely on state law, carries the burden of establishing diversity jurisdiction. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

To establish diversity jurisdiction, the amount in controversy must exceed $75,000 and the parties must be citizens of different states. 28 U.S.C. § 1332(a). Federal diversity jurisdiction requires complete diversity of citizenship—no defendant may be a citizen of the same state as any plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Gray v. Bush*, 628 F.3d 779, 783 (6th Cir. 2010).

In the instant case, there is no allegation in the complaint indicating a claim for damages exceeding $75,000. Further, the complaint fails to allege that the Plaintiff and Defendant are citizens of different states. Thus, the complaint fails to establish subject matter jurisdiction in this Court by diversity of citizenship. Because this Court has no jurisdiction over this matter, Plaintiff's recourse would be to refile his lawsuit in an appropriate state court in the county where the mobile home is located.

## IV. Conclusion

For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice and the application for *in forma pauperis* status be **DENIED** as moot.[3]

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE